# E X H I B I T

# A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANNMARIE MOTA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| | § | |
| **BEACON BAY ASSET** | § | |
| **MANAGEMENT, LLC,** | § | |
| **JAMES VIRGIL WILLIS, AND** | § | |
| **GLENN KLUPSAK,** | § | |
| | § | |
| *Defendants*. | § | |

## INDEX OF STATE COURT DOCUMENTS

| *No.* | *Date Filed* | *Name of Document* |
|---|---|---|
| A-1 | | State Court Docket Sheet |
| A-2 | 05/05/17 | Civil Case Information Sheet |
| A-3 | 05/05/17 | Petitioner's Original Petition |
| A-4 | 05/10/17 | Citation (Beacon Bay Asset Management LLC) |
| A-5 | 05/10/17 | Citation (James Virgil Willis) |
| A-6 | 05/10/17 | Citation (Glenn Klupsak) |
| A-7 | 06/23/17 | Plaintiff's Motion for Substituted Service |
| A-8 | 06/23/17 | Affidavit in Support of Motion for Substituted Service |
| A-9 | 06/28/17 | Declaration of Delivery by Private Process Server (James Virgil Willis) |
| A-10 | 06/28/17 | Declaration of Delivery by Private Process Server (Beacon Bay Asset Management, LLC) |
| A-11 | 07/12/17 | Proposed Order Authorizing Substituted Service |
| A-12 | 07/12/17 | Order Authorizing Substituted Service |

Respectfully Submitted,


*/s/ N. Henry Simpson, III*

N. Henry Simpson, III
Texas Bar No. 18403700
*hsimpson@buschllp.com*
Robert Ruotolo
Texas Bar Number 17398700
*ruotolo@buschllp.com*

1700 Pacific Avenue, Suite 2320
Dallas, Texas 75201
Telephone: (214) 855-2880
Facsimile:  (214) 855-2871

**ATTORNEYS FOR DEFENDANTS
BEACON BAY ASSET MANAGEMENT, LLC,
AND JAMES VIRGIL WILLIS**


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2017, the above document was served upon all counsel of record via E-mail.

Tracy Stoneman
STONEMAN LAW
301 Snowcrest
Westcliffe, Colorado  81252
E-Mail:  *Tracy@brokeragefraud.com*


*/s/ Robert Ruotolo*
Robert Ruotolo

$$A-1$$

## Case Information

DC-17-05369 | ANNMARIE MOTA vs. BEACON BAY ASSET MANAGEMENT LLC, et al

| Case Number | Court | File Date |
|---|---|---|
| DC-17-05369 | 162nd District Court | 05/05/2017 |
| Case Type | Case Status | |
| CNTR CNSMR COM DEBT | OPEN | |

## Party

PLAINTIFF
MOTA, ANNMARIE

Active Attorneys ▾
**Lead Attorney**
STONEMAN, TRACY PRIDE
Retained

Work Phone
**719-783-0303**

Fax Phone
**214-853-9300**

DEFENDANT
BEACON BAY ASSET MANAGEMENT LLC

**Address**
BY SERVING JAMES V WILLIS
13047 WEST FETLOCK TRAIL
PEORIA AZ 85383-7605

DEFENDANT
WILLIAMS, JAMES VIRGIL

**Address**
13047 WEST FETLOCK TRAIL
PEORIA AZ 85383

DEFENDANT
KLUPSAK, GLENN

**Address**
599 CREST LN UNIT 1
INCLINE VILLAGE NV 89451

05/05/2017 NEW CASE FILED (OCA) - CIVIL

05/05/2017 ORIGINAL PETITION ▼

Case Info Sheet.pdf

Original Petition.pdf

05/05/2017 ISSUE CITATION

05/10/2017 CITATION ISSUED ▼

DC17-5369.pdf

DC17-5369(1).pdf

DC17-5369(2).pdf

05/10/2017 CITATION ▼

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
06/28/2017
Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
06/28/2017
Anticipated Server
ESERVE

Anticipated Method

06/23/2017 MOTION - SUBSTITUTE SERVICE ▼

Motion for Subtituted Service.pdf

Affidavit in Support of Motion for Subtituted Service.pdf

Comment
*NO/ORDER*

06/28/2017 RETURN OF SERVICE ▼

Willis.pdf

Comment
DECLARATION OF DELIVERY BY PRIVATE PROCESS SERVER TO JAMES VIRGIL WILLIS

06/28/2017 RETURN OF SERVICE ▼

Beacon Bay.pdf

Comment
DECLARATION OF DELIVERY BY PRIVATE PROCESS SERVER TO BEACON BAY ASSET MANAGEMENT LLC

07/12/2017 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

Order on Motion for Subtituted Service.pdf

Comment
RE: PROPOSED ORDER SUBST SERVICE

07/12/2017 NOTE - CLERKS ▼

Comment
ORDER SUBST SERVICE SUBMITTED TO ADMIN'S QUEUE

07/12/2017 ORDER - SUBSTITUTE SERVICE ▼

ORDER - SUBSTITUTE SERVICE

## Financial

MOTA, ANNMARIE

| | | |
|---|---|---|
| Total Financial Assessment | | $327.00 |
| Total Payments and Credits | | $327.00 |

| | | | | |
|---|---|---|---|---|
| 5/8/2017 | Transaction Assessment | | | $327.00 |
| 5/8/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 28869-2017-DCLK | MOTA, ANNMARIE | ($327.00) |

## Documents

Case Info Sheet.pdf

Original Petition.pdf

DC17-5369.pdf

DC17-5369(1).pdf

DC17-5369(2).pdf

Motion for Subtituted Service.pdf

Affidavit in Support of Motion for Subtituted Service.pdf

Willis.pdf

Beacon Bay.pdf

Order on Motion for Subtituted Service.pdf

ORDER - SUBSTITUTE SERVICE

A − 2

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: ___DC-17-05369_____   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** __Mota vs. Beacon Bay, Willis & Klupsak_____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Tracy Stoneman **Email:** Tracy@brokeragefraud.com | **Plaintiff(s)/Petitioner(s):** Annmarie Mota | ☑Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 301 Snowcrest **Telephone:** 719-783-0303 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Westcliffe, CO 81252 **Fax:** 214-853-9300 | **Defendant(s)/Respondent(s):** Beacon Bay Asset Management, LLC James Virgil Willis Glenn Klupsak | **Custodial Parent:** **Non-Custodial Parent:** |
| **Signature:** /s/ Tracy Stoneman **State Bar No:** 19309750 | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: _____ *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: _____ ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: _____ | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: _____ | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: _____ | ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: _____ | ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: _____ |

| **Employment** | **Other Civil** | | |
|---|---|---|---|
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: _____ | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☑Securities/Stock ☐Tortious Interference ☐Other: _____ | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☑Over $200,000 but not more than $1,000,000
☐Over $1,000,000

# Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. If the original petition, application or post-judgment petition or motion is e-filed, the case information sheet must not be the lead document.

This sheet, required by Rule 78a of the Texas Rules of Civil Procedure, is intended to collect information that will be used for statistical and administrative purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment petition or motion should complete the sheet as follows:

## 1. Contact information

    **a) Contact information for person completing case information sheet.** Enter the following information:
- name;
- address;
- city, state, and zip code;
- email address;
- telephone number;
- fax number, if available;
- State Bar number, if the person is an attorney; and
- signature. (*NOTE: When a case information sheet is submitted electronically, the signature may be a scanned image or "/s/" and the name of the person completing the case information sheet typed in the space where the signature would otherwise appear.*)

    **b) Names of parties in the case.** Enter the name(s) of the:
    (*NOTE: If the name of a party to a case is confidential, enter the party's initials rather than the party's name.*)
- plaintiff(s) or petitioner(s);
- defendant(s) or respondent(s); and
- in child support cases, additional parties in the case, including the:
  - custodial parent;
  - non-custodial parent; and
  - presumed father.

    Attach an additional page as necessary to list all parties.

    **c) Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:
- an attorney for the plaintiff or petitioner;
- a *pro se* (self-represented) plaintiff or petitioner;
- the Title IV-D agency; or
- other (provide name of person or entity).

## 2. Case type.
    Select the case category that best reflects the most important issue in the case. *You must select only one.*

## 3. Procedure or remedy.
    If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

## 4. Damages sought.
    Select the damages being sought in the case:
    (*NOTE: If the claim is governed by the Family Code, do **not** indicate the damages sought.*)
- only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees;
- monetary relief over $100,000 or less and non-monetary relief;
- monetary relief over $100,000 but nor more than $200,000;
- monetary relief over $200,000 but less than $1,000,000; or
- monetary relief over $1,000,000.

$$A - 3$$

FILED
DALLAS COUNTY
5/5/2017 1:56:32 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-17-05369

| | | |
|---|---|---|
| **ANNMARIE MOTA,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **BEACON BAY ASSET** | § | |
| **MANAGEMENT, LLC,** | § | |
| **JAMES VIRGIL WILLIS, and** | § | |
| **GLENN KLUPSAK** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Annmarie Mota ("Mota") files this Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL (Level 2)

**1.** Discovery is intended by Mota to be conducted to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

**2.** Mota is a natural person who resides in Oakland, California.

**3.** Beacon Bay Asset Management LLC ("Beacon Bay") is a Texas limited liability company and a Registered Investment Advisory (RIA) with the Texas State Securities Board with its principal place of business now located in Peoria, Arizona. Beacon Bay may be served with citation and a copy of this petition by serving its owner and manager James V. Willis at its principal office and place of business located at 13047 West Fetlock Trail, Peoria, Arizona 85383-7605, or wherever else he may be found.

4.      James Virgil Willis ("Willis") is a natural person and the owner, manager and chief compliance officer at Beacon Bay and may be served with citation and a copy of this petition by serving him at his usual place of residence located at 13047 West Fetlock Trail, Peoria, Arizona 85383-7605, or wherever else he may be found.

5.      Glenn Klupsak ("Klupsak") is a natural person who was or still is employed by Beacon Bay.  He may be served with citation and a copy of this petition by serving him in person at his usual place of residence located at 599 Crest Ln, Unit 1, Incline Village, NV 89451 or wherever else he may be found.

### III.
### JURISDICTION & VENUE

6.      Jurisdiction is proper in this Court because the damages sought, exclusive of interest and costs, are within the jurisdictional limits of this Court.

7.      Pursuant to Sections 15.035 of the Texas Civil Practice and Remedies Code, venue is proper in Dallas County because a contract in writing between Mota and the Defendants states "In the event of any dispute regarding this agreement, venue shall be exclusively in Dallas County, Texas and shall be governed by Texas law."

### IV.
### CLAIM FOR RELIEF

8.      Pursuant to Rule 47 of the Texas Rules of Civil Procedure, in this case Mota seeks monetary relief of over $200,000 but not more than $1,000,000.  Therefore, pursuant to Rule 169 of the Texas Rules of Civil Procedure, this suit is not subject to the expedited actions process.

## V.
## FACTS

**9.**     Mota is a 47-year-old single mother raising a 3-year-old son while working full-time as a flight attendant for Southwest Airlines, where she has worked for 22 years. Mota has never had any experience investing her money and has always relied upon professionals. In 2010, Mota allowed Defendant Klupsak, who was a friend, to manage her IRA account. Defendant Klupsak's now defunct company Tahoe Partners Asset Management managed Mota's IRA account on a discretionary basis from March 2010 to August 2012, at which time Defendant Klupsak advised Mota that he was going merge his business with Defendant Willis and Defendant Beacon Bay.

**10.**     On August 13, 2012, Mota entered into a written Investment Advisory Agreement (the "Agreement") with Defendant Beacon Bay, signed by Defendant Klupsak for Defendant Beacon Bay. In the Agreement, Beacon Bay agreed to manage Mota's IRA account and to "place and hold the Client's interests above its own, pursue objectivity, and avoid conflicts of interest" and will "discern the Client's wants, needs and concerns, then exercise discretion in recommending and providing only those services which address the Client's goals on a value-added basis and discourage those which do not". Defendants managed Mota's IRA's account, on a discretionary basis, from September 2012 to February 2016 when Mota learned that the Defendants had violated the Agreement, recklessly traded her account and caused her losses of in excess of $350,000.

**11.**     Mota sent Defendants a demand letter dated May 12, 2016 asking that the dispute be mediated pursuant to the terms of the Agreement which stated:

> However, prior to instituting a lawsuit, the parties agree to mediate the dispute by use of any mediator on the approved-list of mediators in use by the Dallas County District Courts at that time.

---

12.     Defendant Klupsak refused to participate in a mediation, however, Defendant Beacon Bay and Defendant Willis agreed to mediate.  The mediation took place on March 17, 2017 and was unsuccessful.

13.     Accordingly, Plaintiff Mota has complied with the terms of the Agreement prior to filing this lawsuit.  All conditions precedent have been performed or have occurred.

## VI.
## CAUSES OF ACTION

**VIOLATION OF THE TEXAS SECURITIES ACT**

14.     Art. 581-33-1 of the Texas Securities Act is entitled Civil Liability of Investment Advisers and Investment Adviser Representatives. Defendants were investment advisers and investment adviser representatives in their dealings with Mota.  Defendants violated this statute by failing to advise Mota of the speculative option trading that Defendants engaged in Mota's IRA account.  Mota inherited the IRA account from her deceased mother and would never have wanted that account to be exposed to such risk if she had known the truth.

15.     Defendants Beacon Bay and Willis were control persons pursuant to Section E of the statute and are jointly and severally liable with Defendant Klupsak to the same extent as Defendant Klupsak.

16.     Art. 581-33 of the Texas Securities Act is entitled Civil Liability with Respect to Issuance or Sale of a Security. Defendants are also liable under this article of the Act for offering or selling a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

17.     Defendants Beacon Bay and Wills were control persons and aiders pursuant to Section F of Art. 581-33 and are jointly and severally liable with Defendant Klupsak to the same

extent as the seller Defendant Klupsak.

**BREACH OF CONTRACT**

18.     Mota and Defendants entered into valid contracts with Defendant Klupsak's company Tahoe Partners Asset Management and with Beacon Bay prior to the investment management of Mota's IRA account. Defendants violated their contracts because they failed to "hold the Client's interests above its own, pursue objectivity, and avoid conflicts of interest" and failed to "discern the Client's wants, needs and concerns, then exercise discretion in recommending and providing only those services which address the Client's goals." Defendants have thereby breached those contracts and as a result of such breaches, Mota has sustained actual damages of over $350,000.

**NEGLIGENCE**

19.     Defendants failed to exercise the degree of care that should have been exercised by them under the circumstances and placed their own self-interest ahead of the interests of the Plaintiff Mota. Defendants failed to exercise the degree of care expected of registered investment advisors in Texas and California, where Mota resides.

The negligent acts and omissions of Defendants include, but are not limited to the following:

**Defendant Klupsak**

- Failing to invest Mota's IRA within the parameters of her risk tolerance and investment objectives and instead investing Mota's IRA to unsuitable investments and trading strategy;

- Subjecting Mota's IRA funds to great risk by actively trading Mota's IRA account. During the Tahoe Partners' time frame, Defendant Klupsak churned Mota's IRA account, generating a 5.3 account turnover rate. During the Beacon Bay time frame, Defendant Klupsak churned Mota's IRA account, generating a 7.8 account turnover rate. Despite the account having an average equity of roughly $114,000, Defendant Klupsak made over $3 million in purchases and $3 million in sales;

- Subjecting Mota's IRA funds to great risk by investing in investments with high volatility;

- Subjecting Mota to unreasonable and unnecessary costs by having her pay both commissions to the brokerage firm and management fees to Defendants;

- By utilizing margin in Mota's IRA account during the Beacon Bay time frame and further increasing Mota's costs by having her pay margin interest fees.

**Defendants Beacon Bay and Willis**

- Failing to supervise Defendant Klupsak, as Defendants Beacon Bay and Willis were required to do;

- For violating the Books and Records rule by filing a report with the regulators that stated that Defendant Klupsak was "self-supervised" when there is no such thing when it comes to registered investment advisors;

- Allowing Defendant Klupsak to trade Mota's IRA account for the first 5 (five) months before Defendant Klupsak's California registration was in place, which means that 5 (five) months of trading activity was unlicensed;

- Allowing Mota's IRA account to be mismanaged by Defendant Klupsak.

Defendants' negligence proximately caused Plaintiff Mota damages.

**NEGLIGENT MISREPRESENTATION.**

20.     Defendants committed wrongful acts including breach of duty, neglect, misstatements and misleading statements.  Defendants held themselves out to Mota as having unique expertise for managing IRA and other funds. Defendants knew that Mota needed such management, because she was inexperienced and unsophisticated regarding investments. Defendants both verbally and through their contracts represented that they would manage Plaintiff Mota's IRA in accordance with her investment objectives and risk tolerance and by putting her best interests first.  Plaintiff Mota justifiably relied on these representations.  These negligent misrepresentations proximately caused damage to Plaintiff Mota.

**BREACH OF FIDUCIARY DUTY**

---

21.     An investment or financial advisor generally owes a fiduciary duty to clients, *Kang v. Song*, 2016 WL 4903271 at *7 (Tex.App.-Fort Worth, 2016). As registered investment advisors who effectuated complete control over Mota's IRA accounts, Defendants owed Mota the fiduciary duty of loyalty and good faith.  Defendants breached this fiduciary duty by investing Mota's IRA account contrary to her investment objectives and risk tolerance and engaging in risky option and margin trading.  Defendants also breached this fiduciary duty by having Mota pay commissions on active trading, on top of fees charged by Defendants.  Plaintiff Mota would have had to make 8% just to break even and overcome all of the fees.

Defendants' breach of fiduciary duty was intentional, justifying an award of exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

**FRAUD**

22.     Defendants committed fraud through their Agreement with Mota by representing therein that they would "hold the Client's interests above its own, pursue objectivity, and avoid conflicts of interest" and that they would "discern the Client's wants, needs and concerns, then exercise discretion in recommending and providing only those services which address the Client's goals."  These representations and promises were all material to Mota in order to induce her to continue to allow Defendant Klupsak to manage her IRA. As a proximate result of this conduct, Mota has sustained actual damages, including incidental and consequential damages.

23.     The conduct of all Defendants was committed knowingly, deliberately, and intentionally and constitutes fraud under Section 41.003(a) of the Texas Civil Practice and Remedies Code.  Mota is therefore entitled to, and seeks an award of exemplary damages against Defendants pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and also Chapter 27 of the Texas Business and Commerce Code.

**ATTORNEY FEES**

**25.**     It was necessary for Plaintiff to retain the services of the law firm of Stoneman Law in connection with the prosecution of this action.   Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Mota asks that, upon final hearing, this Court award Mota her reasonable and necessary attorney fees and litigation expenses in this action.

<u>**PRAYER**</u>

**FOR THE FOREGOING REASONS,** Plaintiff Mota prays that this Court award judgment in her favor and against Defendants Beacon Bay, Klupsak and Willis, jointly and severally, for:

1.     Actual damages, including lost opportunity damages;

2.     Attorney fees;

3.     Prejudgment interest and post-judgment interest in the maximum allowed by law;

4.     Costs of court; and

5.     All other and further relief as the Court deems just and equitable under the law.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ Tracy Stoneman*

**Tracy Stoneman**
State Bar No. 19309750
Email: Tracy@brokeragefraud.com

**STONEMAN LAW**
301 Snowcrest
Westcliffe, CO 81252
Telephone: 719-783-0303
Facsimile: 214-853-9300

**ATTORNEYS FOR PLAINTIFF
ANNMARIE MOTA**

$$A - 4$$

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

      **BEACON BAY ASSET MANAGEMENT LLC**
      **BY SERVING ITS OWNER AND MANAGER JAMES V WILLIS**
      **13047 WEST FETLOCK TRAIL**
      **PEORIA AZ  85383-7605**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ANNMARIE MOTA**

Filed in said Court  **5th day of May, 2017** against

**BEACON BAY ASSET MANAGEMENT LLC, JAMES VIRGIL WILLIS, AND GLENN KLUPSAK**

For Suit, said suit being numbered **DC-17-05369,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By _/s/ Shelia Bradley_____, Deputy
      SHELIA BRADLEY

---

**ESERVE**

**CITATION**

**DC-17-05369**

**ANNMARIE MOTA**
**vs.**
**BEACON BAY ASSET MANAGEMENT LLC, et al**

ISSUED THIS
**10th day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SHELIA BRADLEY, Deputy
_____

**Attorney for Plaintiff**
TRACY PRIDE STONEMAN
Tracy@brokeragefraud.com
301 SNOWCREST
WESTCLIFFE CO  81252
719-783-0303

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-05369

Court No.162nd District Court

Style: ANNMARIE MOTA

 vs.

BEACON BAY ASSET MANAGEMENT LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

$$A - 5$$

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

  **JAMES VIRGIL WILLIS**
  **13047 WEST FETLOCK TRAIL**
  **PEORIA AZ  85383-7605**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ANNMARIE MOTA**

Filed in said Court  **5th day of May, 2017** against

**BEACON BAY ASSET MANAGEMENT LLC, JAMES VIRGIL WILLIS, AND GLENN KLUPSAK**

For Suit, said suit being numbered <u>**DC-17-05369,**</u> the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By___/s/ Shelia Bradley_____, Deputy
    SHELIA BRADLEY



**ESERVE**

**CITATION**

**DC-17-05369**

**ANNMARIE MOTA**
**vs.**
**BEACON BAY ASSET MANAGEMENT LLC, et al**

ISSUED THIS
**10th day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SHELIA BRADLEY, Deputy
_____

**Attorney for Plaintiff**
TRACY PRIDE STONEMAN
Tracy@brokeragefraud.com
301 SNOWCREST
WESTCLIFFE CO  81252
719-783-0303

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-05369

Court No.162nd District Court

Style: ANNMARIE MOTA

 vs.

BEACON BAY ASSET MANAGEMENT LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

A − 6

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

> **GLENN KLUPSAK**
> **599 CREST LN, UNIT 1**
> **INCLINE VILLAGE NV 89451**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ANNMARIE MOTA**

Filed in said Court  **5th day of May, 2017** against

**BEACON BAY ASSET MANAGEMENT LLC, JAMES VIRGIL WILLIS, AND GLENN KLUPSAK**

For Suit, said suit being numbered **DC-17-05369,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By___/s/ Shelia Bradley_____, Deputy
　　　SHELIA BRADLEY

---

**ESERVE**

**CITATION**

**DC-17-05369**

**ANNMARIE MOTA**
**vs.**
**BEACON BAY ASSET MANAGEMENT**
**LLC, et al**

ISSUED THIS
**10th day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SHELIA BRADLEY, Deputy
_____

**Attorney for Plaintiff**
TRACY PRIDE STONEMAN
Tracy@brokeragefraud.com
301 SNOWCREST
WESTCLIFFE CO  81252
719-783-0303

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-05369

Court No.162nd District Court

Style: ANNMARIE MOTA

 vs.

BEACON BAY ASSET MANAGEMENT LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

$$A-7$$

DALLAS COUN
6/23/2017 1:12
FELICIA PIT
DISTRICT CLE

## CAUSE NO. DC-17-05369

| | | |
|---|---|---|
| **ANNMARIE MOTA,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **BEACON BAY ASSET** | § | |
| **MANAGEMENT, LLC,** | § | |
| **JAMES VIRGIL WILLIS, and** | § | |
| **GLENN KLUPSAK** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE

Plaintiff files this her Motion for Substituted Service pursuant to TRCP 106b and would show the court the following:

1.  Attached is the Affidavit of Jenlee Knight Parker. The Affidavit states facts showing that substitute service of citation on Respondent, Glenn Klupsak, is authorized.

2.  Service of citation of Respondent has been attempted by personally delivering it to Respondent at Respondent's place of residence at 599 Crest Ln., Unit #1, Incline Village, NV 89451, but such attempt at service has not been successful, as shown by the attached Affidavit.

3.  As authorized by Rule 106(b), Texas Rules of Civil Procedure, service on Respondent by the following method will be reasonably effective to give the Respondent notice of the lawsuit. Service on Respondent Klupsak should be made by the following method: leaving a copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the following address: 599 Crest Ln., Unit #1, Incline Village, NV 89451 or by affixing a copy of the citation, with a copy of the Petition attached, to

the door of 599 Crest Ln., Unit #1, Incline Village, NV 89451.

4.  This manner of service will be reasonably effective in giving Respondent notice of this

suit because the above specified location is Respondent's place of residence.

Movant asks the Court to direct that citation be served on Respondent Klupsak in the manner

described above.


Respectfully submitted this 23rd day of June, 2017.



/s/ Tracy Stoneman

**Tracy Stoneman**
State Bar No. 19309750
Email:  Tracy@brokeragefraud.com

**STONEMAN LAW**
301 Snowcrest
Westcliffe, CO 81252
Telephone:  719-783-0303
Facsimile:   214-853-9300

**ATTORNEYS FOR PLAINTIFF
ANNMARIE MOTA**

$$A - 8$$

CAUSE NO. __DC-17-05369__

| | | |
|---|---|---|
| **ANNMARIE MOTA,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **BEACON BAY ASSET** | § | |
| **MANAGEMENT, LLC,** | § | |
| **JAMES VIRGIL WILLIS, and** | § | |
| **GLENN KLUPSAK** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR SUBSTITUTED SERVICE

In support of Plaintiff's attached motion for an order authorizing service of, citation herein, as prescribed by Rule 106 of the Texas Rules of Civil Procedure, the undersigned, being duly sworn, states as follows:

I.

Citation for Defendant, Glenn Klupsak, in the above styled and numbered case, was delivered to the undersigned Affiant a duly qualified civil process server authorized to serve citations in Washoe County, Nevada. I am not a party to or interested in the outcome of this suit. I am not an employee of the attorney or her firm in this case. I am not a spouse of any of the parties to this case, or a spouse of any member of the attorney's firm in this case. I am not an employee of a party to this case. I also do not expect to be called as a witness in this case.

II.

Defendant's residence and/or business is believed to be at 599 Crest Ln., Unit #1, Incline Village, NV 89451 in Washoe County. Washoe County Real Property Assessment Data records reveal that Glenn Klupsak is the owner of the property located 599 Crest Ln., Unit #1, Incline Village, NV 89451, since March 1999.

III.

I attempted to make personal service on the Defendant Glenn Klupsak on the dates and times reflected in the attached Summary of Service.

IV.

For the reasons set forth above, it is impractical to secure personal service on Defendant Glenn Klupsak, and I will be unable to do so despite due diligence. Therefore, substituted service is necessary and I believe Glenn Klupsak will receive effective notice of this suit by leaving copies of the citation and the attached petition with anyone over the age of sixteen (16) years at 599 Crest Ln., Unit #1, Incline Village, NV 89451 or by attaching the citation with the petition attached, to either the front door, side door, back door, gate and/or fence of the residence and/or business located at 599 Crest Ln., Unit #1, Incline Village, NV 89451.

V.

I have personal knowledge of the facts stated above, and they are true and correct.

Jenlee Knight Parker, Affiant

SIGNED AND SWORN TO before me on _June 19_____, 20_17_.

JOHNNO LAZETICH
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 04-89542-2 - Expires January 28, 2020

Notary Public, State of Nevada

**AFFIDAVIT IN SUPPORT OF MOTION FOR SUBTITUTED SERVICE, P.2**

**301 Snowcrest Rd   Westcliffe, CO 812528526**
CASE NUMBER: **DC-17-05369**



GPS: 39.26075;-119.955886111111

**RENO / CARSON / LAS VEGAS**
Serving all of Nevada Since 1981

Process Serving & Legal Courier

**SUMMARY OF SERVICE**
**JOB COMPLETE**
**R10679**
**..PROCESS SERVICE**

| COMPLETED BY |
| JENLEE KNIGHT PARKER R -067702 |
| 6/14/2017  2:50 PM |

| **SUMMARY OF SERVICE** | Reference No.: **Klupsack** |

DOCUMENTS SERVED: CITATION; PLAINTIFF'S ORIGINAL PETITION;

| | |
|---|---|
| PARTY SERVED: | GLENN KLUPSAK |
| BY LEAVING WITH: | "Jane Doe" refused to give name |
| DATE & TIME OF SERVICE: | 6/14/2017 2:50 PM |
| ADDRESS, CITY, AND STATE: | 599 Crest Ln Unit 1 Incline Village, NV 894519185 |

PHYSICAL DESCRIPTION:   Age: 46-50      Weight: 140-160 Lbs      Hair: Brown
                        Sex: Female     Height: 5'6 - 6'0         Race: White

MANNER OF SERVICE:

Substituted Service - By leaving the copies with or in the presence of "Jane Doe" refused to give name a person at least 18 years of age apparently in charge at the office or usual place of business of the person served.  I informed him/her of the general nature of the papers.

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 6/13/2017 at 6:48 AM
Results: ATTEMPT :  No answer at door green Toyota Land cruiser in driveway. Server noted subject's vehicle not present. Stakeout began.

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 6/13/2017 at 8:59 AM
Results: ATTEMPT :  Stake out completed.  Server was completing the 2 hours stakeout and approached the front door for one last attempt to see if someone was home.  Before reaching the front door. A women came out to confront affiant. She was a white female in her 40's, 5'10, aprox 150lbs, black hair.  She would not provide any information other than her "friend" told her she could stay there.  She denied knowing a Glen and kept repeating that a "friend" is allowing her to stay there. Server noted a dog barking from behind the door. As affiant returned to the car, noted the lady inside the house speaking to someone on the phone while staring directly and pointing at the server.

Continued on Next Page

RENO / CARSON / LAS VEGAS
Serving all of Nevada Since 1981

Continued from Previous Page

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 5/19/2017 at 5:42 PM
Results: ATTEMPT :  No answer at door. Vehicle described (older model Handicap plate #F0182 is present in parking lot of complex, but server finds it odd that , if this is vehicle of subject , parking would not be done in front driveway of unit #1, which has its own driveway. Possible this is not vehicle of subject , or possible wrong unit # is provided. Server found no residents walking about.

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 5/22/2017 at 4:17 PM
Results: ATTEMPT  LEFT CARD:  No answer at door.  Server left doorhanger with contact information. Server spoke with a neighbor who confirmed residency of subject in address given. Same vehicle described in communal parking lot, with handicap plate.

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 5/26/2017 at 4:17 PM
Results: ATTEMPT card gone:  No answer at door, card gone from previous attempt. Vehicle described has moved into a different spot in rear of complex .

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 5/29/2017 at 8:05 PM
Results: ATTEMPT :  No answer at door. Vehicle , if that of subject , present but moved again . No lights visible from inside of given address. Blinds drawn tightly closed, but open at perimeters.

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 5/31/2017 at 2:11 PM
Results: ATTEMPT :  No answer at door. Vehicle is in same position as it was on Monday evening at 2005 hours .

Attempted at 599 Crest Ln Unit 1 Incline Village, NV 89451-9185 On 6/14/2017 at 2:42 PM
Results: ATTEMPT:  Unable to complete service because: subject is not present. Server spoke with a lady who answered the door (Caucasian ;5'8";135-150;late forties to mid to late fifties;reddish brown hair; eyeglasses). She states that she has no knowledge of subject , and explains her presence inside the house that a friend told her she could stay here. She wouldn't identify herself , or the friend, and would not phone the friend when asked to do so. A green Toyota SUV is parked on the driveway , Nevada plate # LT30793. The vehicle described as belonging to subject is not present. Another neighbor confirmed residency of subject , but stated her belief that subject is not home.

Jane Doe, on prior attempt, had offered to take paperwork into house. She states she doesn't know subject, and explains her presence as being given permission to stay at dwelling by a friend, whom she would not identify. She stated that the answers (or lack of) that she is giving me are the same that she gave to the server on June 13.

**www.renocarson.com**

## OFFICIAL AFFIDAVIT OF SERVICE/NON-SERVICE WILL FOLLOW IN THE MAIL

## NOT A PROOF OF SERVICE | SUMMARY OF SERVICE | NOT A PROOF OF SERVICE

Did you know you can check status, place orders, and look up costs online?
Visit our secure website at www.renocarson.com

# SUMMARY OF SERVICE
# Klupsack

A – 9

DALLAS COUNTY
6/28/2017 11:25 AM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

Valleywide Process Service
14215 N. 20ᵗʰ Way
Phoenix, AZ 85022
(602) 262-2555

## DISTRICT COURT OF DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| ANNMARIE MOTA, | ) | Case No: DC-17-05369 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECLARATION OF DELIVERY BY |
| | ) | PRIVATE PROCESS SERVER |
| BEACON BAY ASSET | ) | |
| MANAGEMENT, LLC, JAMES VIRGIL | ) | |
| WILLIS & GLENN KLUPSAK, | ) | |
| | ) | |
| Defendants. | ) | |

Jack Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;

2. On June 20, 2017 at 7:45 a.m. I delivered to JAMES VIRGIL WILLIS at 13047 W. Fetlock Trl in Peoria, Arizona the Citation; Plaintiff's Original Petition filed with/issued by this Honorable Court in this matter by delivery to James Willis;

3. James Willis: C, M, 5'8", slight/medium build, 60's, gray thinning hair;

4. Vehicles: white Cadillac SRX #CAK1970 (AZ) and silver Prius #BYF7232 (AZ);

5. The fee for this service was $40.00.

I swear under penalty of perjury pursuant to the laws of the state of Texas this 22ⁿᵈ day of June, 2017 that the foregoing is true and correct.



_____
Jack Cox

Notary: _____

ANN-CHERIE HIGBEE
Notary Public - Arizona
Maricopa County
Expires 03/15/2019

A – 10

DALLAS COUNTY
6/28/2017 11:23 AM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

Valleywide Process Service
14215 N. 20th Way
Phoenix, AZ 85022
(602) 262-2555

## DISTRICT COURT OF DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| ANNMARIE MOTA, | ) | Case No: DC-17-05369 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECLARATION OF DELIVERY BY |
| | ) | PRIVATE PROCESS SERVER |
| BEACON BAY ASSET | ) | |
| MANAGEMENT, LLC, JAMES VIRGIL | ) | |
| WILLIS & GLENN KLUPSAK, | ) | |
| | ) | |
| Defendants. | ) | |

Jack Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;

2. On June 20, 2017 at 7:45 a.m. I delivered to BEACON BAY ASSET MANAGEMENT, LLC at 13047 W. Fetlock Trl in Peoria, Arizona the Citation; Plaintiff's Original Petition filed with/issued by this Honorable Court in this matter by delivery to James Willis, stated authorized to accept for Beacon Bay Asset Management, LLC;

3. James Willis: C, M, 5'8", slight/medium build, 60's, gray thinning hair;

4. Vehicles: white Cadillac SRX #CAK1970 (AZ) and silver Prius #BYF7232 (AZ);

5. The fee for this service was $40.00.

I swear under penalty of perjury pursuant to the laws of the state of Texas this 22nd day of June, 2017 that the foregoing is true and correct.



Jack Cox

Notary: _____

ANN-CHERIE HIGBEE
Notary Public - Arizona
Maricopa County
Expires 03/15/2019

A – 11

## CAUSE NO. DC-17-05369

| | | |
|---|---|---|
| ANNMARIE MOTA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| BEACON BAY ASSET | § | |
| MANAGEMENT, LLC, | § | |
| JAMES VIRGIL WILLIS, and | § | |
| GLENN KLUPSAK | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## ORDER AUTHORIZING SUBSTITUTED SERVICE

The court considered Plaintiff's motion for substituted service pursuant to Texas Rules of Civil Procedure Rule 106. It is

**ORDERED** that the motion for substituted service is GRANTED. It is further

**ORDERED** that service of process may be made upon Defendant Glenn Klupsak by either:

(1) leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at Defendant Glenn Klupsak's usual place of abode at 599 Crest Ln., Unit #1, Incline Village, NV 89451;

**OR**

(2) affixing a true copy of the citation, with a copy of the petition attached, to the front door of Defendant's usual place of abode at 599 Crest Ln., Unit #1, Incline Village, NV 89451.


SIGNED this ____ day of _____ 2017.

A – 12

CAUSE NO. DC-17-05369

| | | |
|---|---|---|
| ANNMARIE MOTA,<br>    *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | DALLAS COUNTY, TEXAS |
| BEACON BAY ASSET<br>MANAGEMENT, LLC,<br>JAMES VIRGIL WILLIS, and<br>GLENN KLUPSAK<br>    *Defendants.* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## ORDER AUTHORIZING SUBSTITUTED SERVICE

The court considered Plaintiff's motion for substituted service pursuant to Texas Rules of Civil Procedure Rule 106. It is

**ORDERED** that the motion for substituted service is GRANTED. It is further

**ORDERED** that service of process may be made upon Defendant Glenn Klupsak by either:

(1) leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at Defendant Glenn Klupsak's usual place of abode at 599 Crest Ln., Unit #1, Incline Village, NV 89451;

**OR**

(2) affixing a true copy of the citation, with a copy of the petition attached, to the front door of Defendant's usual place of abode at 599 Crest Ln., Unit #1, Incline Village, NV 89451.

SIGNED this 12 day of July 2017.

_____

---

ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE      Page 1 of 1