IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNMARIE MOTA, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-1862-N-BN |
| BEACON BAY ASSET MANAGEMENT, LLC, et al., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR THE APPOINTMENT OF COUNSEL**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 38.

After granting the Unopposed Motion to Withdraw as Counsel for Defendants Beacon Bay Asset Management, LLC ("Beacon Bay") and James Virgil Willis [Dkt. No. 36] on April 27, 2018, *see* Dkt. No. 37, the Court entered an order on April 30, 2018 [Dkt. No. 39] observing that Beacon Bay "is a limited liability company, and, insofar as it is neither an individual nor a sole proprietorship, this defendant is not permitted to proceed *pro se* or through a non-attorney but rather must be represented by an attorney in litigation in federal court" – and, accordingly, requiring Beacon Bay to "cause new counsel to enter an appearance on its behalf in this case by no later than May 21, 2018." *Id.* at 2 (citations omitted); *see also id.* (warning Beacon Bay "that a failure to hire counsel to represent it by this deadline may result in appropriate

measures, including possibly striking its defenses and entering a default judgment against it").

In response to that order, Willis now moves the Court to appoint counsel for Beacon Bay. *See* Dkt. No. 44. The Court DENIES the motion without prejudice for the following reasons.

**Legal Standards and Analysis**

"There is no absolute right to an attorney in [civil] cases," *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010), which means that a *pro se* party, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right," *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Although the Court has statutory authority to appoint counsel to represent an indigent person in the prosecution of a suit, *see* 28 U.S.C. § 1915(e)(1), that authority is typically exercised only in "exceptional circumstances," *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *accord Naranjo*, 809 F.3d at 799.

First, while Willis, though the motion, conveys financial information pertinent to Beacon Bay, the motion is not verified. Nor is the financial information presented through a declaration or an affidavit. And, without a financial affidavit, the Court cannot determine if either Beacon Bay or Willis – who asserts that he is Beacon Bay's sole managing member – meets Section 1915's indigence requirement. *See* 28 U.S.C. § 1915(a) (requiring a person requesting to proceed *in forma pauperis* to submit "an

affidavit that includes a statement of all assets such [person] possesses"); *see, e.g., Kennedy v. Adamo*, No. 1:02-CV-01776 (ENV) (RML), 2008 WL 11411525, at *2 (E.D.N.Y. Jan. 7, 2008) ("Kennedy has not provided any evidence that he is unable to afford counsel.... Without such evidence, Kennedy has not satisfied the baseline requirement of showing the indigence necessary for appointment of counsel under 28 U.S.C. § 1915(e)(1)."); *Alli v. United States*, 93 Fed. Cl. 172, 183 (2010) (Section "1915(e)(1) only comes into play where a party makes the factual showing of indigence required by the statute.... [N]either BSA Corp., nor the individual plaintiffs for that matter, have made any real showing regarding their alleged indigence, let alone that required by the statute." (citations and footnote omitted)).

But there is a larger problem with the Court's appointing counsel for Beacon Bay under Section 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." "[T]he term 'person,' as used in this provision, refers only to natural persons and thus does not cover artificial entities." *Alli*, 93 Fed. Cl. at 182 (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993) (holding "that only a natural person may qualify for treatment *in forma pauperis* under § 1915")); *see, e.g.*, *R.M. Dev. & Constr., LLC v. Principal IX Assocs., LLP*, No. 09-CV-1666 (JG), 2010 WL 3420700, at *2 (E.D.N.Y. Aug. 27, 2010) (relying on *Rowland* to deny a request by a limited liability company's "owner and principal" – who anticipated that the court would grant counsel's motion to withdraw – "that the court seek *pro bono* counsel on [the LLC's] behalf").

While the Court lacks statutory authority to seek counsel for Beacon Bay, "[f]ederal courts' inherent powers undoubtedly encompass the appointment of counsel in at least some circumstances." *Naranjo*, 809 F.3d at 802 (collecting authority and, as applicable here, observing that, "[o]utside the context of criminal defense, federal courts have inherent power to appoint counsel to prosecute criminal contempt proceedings, to serve as guardian ad litem for a minor whose interests diverge with those of his general representative, and to represent a victorious civil plaintiff against trial counsel who seeks to withdraw judgment funds paid into the court's registry in satisfaction of the judgment" (citations omitted)).

In *Naranjo*, a panel of the United States Court of Appeals for the Fifth Circuit held "that, where a district court has determined that exceptional circumstances warrant appointment of counsel and has unsuccessfully attempted to secure a non-compulsory appointment, the court may invoke its inherent power to order an attorney to represent an indigent civil rights litigant pro bono." *Id.* at 804; *see id.* at 803 ("The possibility of such an appointment arises only when an indigent plaintiff has colorable claims that will not receive a meaningful hearing without counsel (i.e. exceptional circumstances exist) and when all other options for making an appointment have failed. Under such conditions, a court cannot carry out its duties without ordering an attorney to take the case."); *see also id.* at 804 ("emphasiz[ing] that [the inherent power] is a power of last resort" and that "[i]nherent powers 'must be used with great restraint and caution'" (quoting *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*,

86 F.3d 464, 467 (5th Cir. 1996))).

Here, no showing has been made that "exceptional circumstances warrant the appointment of counsel" for Beacon Bay. *Naranjo*, 809 F.3d at 799 (setting out several of the non-comprehensive factors that district courts in this circuit have considered to determine whether exceptional circumstances exist – "'1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; [ ] 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination'"; and 5. "the extent of a plaintiff's attempts to secure private counsel independently" (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989))); *see also Ulmer*, 691 F.2d at 212.

The Court may not therefore now consider whether the facts of this civil case present extraordinary circumstances in which the Court should attempt to secure a non-compulsory appointment of counsel or would, failing that, warrant an expansion of those rare instances in which a district court "may invoke its inherent power to order an attorney to represent" a party. *Naranjo*, 809 F.3d at 804; *cf. Alli*, 93 Fed. Cl. at 182 ("Courts, in particular, have made short shrift of the notion that defaulting (or dismissing) a case filed by a corporation based upon its failure to obtain counsel violates due process." (footnote collecting authority omitted)).

## Conclusion

The Court DENIES without prejudice Defendant James Virgil Willis's Motion for the Appointment of Counsel for Defendant Beacon Bay Asset Management, LLC [Dkt. No. 44].

SO ORDERED.

DATED: May 30, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE