IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ANNMARIE MOTA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1862-N-BN |
| | § | |
| BEACON BAY ASSET MANAGEMENT, | § | |
| LLC, et al., | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER**[1]

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 38.

After granting the Unopposed Motion to Withdraw as Counsel for Defendants Beacon Bay Asset Management, LLC ("Beacon Bay") and James Virgil Willis [Dkt. No. 36] on April 27, 2018, *see* Dkt. No. 37, the Court entered an order on April 30, 2018 [Dkt. No. 39] observing that Beacon Bay "is a limited liability company, and, insofar as it is neither an individual nor a sole proprietorship, this defendant is not permitted to proceed *pro se* or through a non-attorney but rather must be represented by an attorney in litigation in federal court" – and, accordingly, requiring Beacon Bay to

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

"cause new counsel to enter an appearance on its behalf in this case by no later than May 21, 2018." *Id.* at 2 (citations omitted); *see also id.* (warning Beacon Bay "that a failure to hire counsel to represent it by this deadline may result in appropriate measures, including possibly striking its defenses and entering a default judgment against it"). In response to that order, Willis (proceeding *pro se* on his own behalf) asked the Court to appoint counsel for Beacon Bay, *see* Dkt. No. 44, which the Court denied without prejudice, *see* Dkt. No. 49.

Willis and Beacon Bay also filed a Motion to Extend Deadline Date for Discovery, *see* Dkt. No. 40, and Defendant Glenn Klupsak filed a Motion to Extend Discovery Deadline & Deadline to File All Motions, *see* Dkt. No. 41. Plaintiff Annmarie Mota filed a combined response to both motions, *see* Dkt. No. 43, and the defendants each filed replies, *see* Dkt. Nos. 47 & 48.

Because Beacon Bay cannot proceed *pro se* or through Willis, the Court must DENY the Motion to Extend Deadline Date for Discovery [Dkt. No. 40] as to Beacon Bay.

As for the Motion to Extend Deadline Date for Discovery for Willis, *see* Dkt. No. 40, and Klupsak's Motion to Extend Discovery Deadline & Deadline to File All Motions [Dkt. No. 41], the Court DENIES both motions for the reasons explained below.

**Legal Standards and Analysis**

The Court's Scheduling Order provides that "discovery closes" on May 15, 2018 and that "discovery requests must be served in time to permit response by this date"

and that "all motions, including any objections to expert testimony, must be filed" by June 15, 2018. Dkt. No. 20 at 2. "This case is set for trial on September 10, 2018," and "[t]he parties shall file all pretrial materials 30 days before trial." *Id.* at 1, 3.

Willis asks the Court to extend the discovery deadline to July 15, 2018 and to extend the motions deadline to August 1, 2018 and contends that "[t]here are no Scheduling Order deadline dates that conflict with these requested changes." Dkt. No. 40 at 2-3. He explains that, prior to his counsel's withdrawal, "Willis expected Counsel to proceed with notifications of Depositions of the Plaintiff by Counsel and possible further Discovery prior to the Discovery deadline of May 15, 2018," but "[a]ll legal duties, requirements and preparation will now fall onto Willis." *Id.* at 2.

Klupsak requests the same extended deadlines and contends that the requested extensions have "no effect on the trial date or other remaining schedules at this time." Dkt. No. 41 at 1. He explains that he seeks the extended discovery deadline to allow time for "for what I may want to ask for" and that he "seeks relief from the Court due to the fact that I cannot afford legal representation and I am currently representing myself pro se," where "[t]he time expended to research and navigate the Federal and Local Court Rules is quite burdensome while working to earn a living" and, "[r]ecently, much of my time has been spent responding to multiple requests from Plaintiff's attorney" and also "contacting legal services in Dallas County to find affordable representation to no avail." *Id.*

Mota opposes Willis's and Klupsak's requests because

> [t]his case is set for trial the week of September 10, 2018, which feels as if it is right around the corner. If Defendants are filing motions to challenge Plaintiff's expert in August, such a schedule would necessarily cause a postponement of the trial. Plaintiff has accommodated many requests for postponement of the Defendants but the extensions that Defendants are seeking now would materially impact Plaintiff's trial preparation. And Plaintiff cannot afford for the trial to be continued, as she has been suffering financially for so long as a result of the Defendants' conduct.

Dkt. 43 at 1-2.

In reply, Klupsak denies that he has previously requested a change in the deadlines established by the Court, takes issue with Mota's assertion that she is suffering any financial hardship as a result of losses in the IRA account that is the basis for this lawsuit, and reports that Mota's attorney waited until exactly 32 days prior to close of current Discovery deadline to send [him] a lengthy and overreaching Discovery and Production request which could have been sent months ago" and that "[t]his was completely unexpected and did not allow enough time for me to respond with my own discovery requests as it would have been well within the 30 days required before the discovery deadline." Dkt. No. 47 at 1-2. Klupsak also explains that the requested extensions "will also allow for continued efforts on my part to seek appointment of counsel or affordable legal representation." *Id.* at 2.

In his reply, Willis explains that "[t]he scheduled date of September 10th, 2018 is over 100 days away" and that he does "not believe there exists any reason to postpone a trial date"; that "[o]nly in one instance did Defendants Beacon Bay and Willis request a one-week delay for an expert witness report which was granted" and

that "[n]o other requests were made"; that Mota "has had significant time to prepare for trial (via her counsel)"; and that he believes that Mota "is not suffering financially due to this suit." Dkt. No. 48 at 1-2. Willis explains that the requested extensions of the discovery and motions deadlines will allow him "to properly execute requisite documents to the Court on this issue." *Id.* at 2.

Federal Rule of Civil Procedure "16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed." *Warner v. Lear Corp.*, No. 3:15-cv-1878-D, 2017 WL 930829, at *3 (N.D. Tex. Mar. 9, 2017). Defendants' request therefore is governed by Rule 16(b)(4), under which "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

"To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation marks omitted); *accord 839 East 19th Street, LP v. CitiBank, N.A.*, No. 3:11-cv-1238-M, 2012 WL 13024000, at *1 (N.D. Tex. June 11, 2012) ("In order to establish good cause, a party must demonstrate that the deadline could not 'reasonably be met despite the diligence of the party needing the extension.'" (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008))).

The Court considers four factors in determining whether to modify a scheduling order for good cause under Rule 16(b)(4) to allow discovery after the court ordered cut-

off: (1) the explanation for the failure to complete discovery on time, (2) the importance of the modification to the scheduling order to permit the discovery, (3) the potential prejudice in allowing the modification, and (4) the availability of a continuance to cure such prejudice. *See Squyres*, 782 F.3d at 237; *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012). "The absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

Discovery has been open since September 2017. Willis and Klupsak acknowledge – and have previously acknowledged – that their counsel withdrew because they could not afford to pay them, and, according to Willis, a majority of his counsel's invoices are unpaid. *See* Dkt. No. 30 at 1; Dkt. No. 36 at 1; Dkt. No. 40 at 2; Dkt. No. 41 at 1. But that does not explain how or why Defendants have not taken affirmative discovery before now. And their explanation that, since their counsels' withdrawal (on March 16, 2018 for Klupsak and on April 27, 2018 for Willis), they have been occupied by efforts to find new counsel and answer Mota's discovery requests does not explain why they, through counsel, could not have served discovery on Mota to allow her to respond by the May 15, 2018 deadline despite their diligence.

And, like Mota, the Court is not as sanguine as Willis and Klupsak about the limited impact on this case's remaining deadlines from extending the discovery and motions deadlines. Permitting an expert motion to be filed as late as August 1 with an

August 11 deadline for filing all pretrial materials would very likely disrupt the trial schedule. And, whether or not Mota is financially struggling as much as her counsel suggests, Mota could be prejudiced by the additional expense from – and trial of the case likely would be delayed based on – the additional discovery and motion practice that Willis and Klupsak seek the Court's leave to launch in the less than four months before the trial date and the less than three months before final pretrial materials are due. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990); *cf. Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *Barnes*, 2010 WL 5027040, at *2 ("Moreover, granting a continuance would not deter future careless behavior nor serve to enforce this Court's Scheduling Order.").

In this analysis, the Court can assume that Willis and Klupsak are correct that any proposed (largely unidentified) discovery and motions would be important to their defense of Mota's case. But, under these circumstances, the claimed importance of additional discovery and motions only underscores the need for Willis and Klupsak – until very recently, and for most of the discovery period, through their counsel – to have exercised some diligence in complying with the scheduling order's discovery and motions deadlines. *See Geiserman*, 893 F.2d at 792; *see also Palomino v. Miller*, No. 3:06-cv-932-M, 2007 WL 1650417, at *2 (N.D. Tex. June 7, 2007) ("The only factor potentially weighing in Plaintiff's favor here is the importance of the amendment, since

Plaintiff has failed to state a claim for which relief may be granted against the City of Irving in his Original Petition. However, Plaintiff's lack of diligence in timely amending his complaint undercuts the importance of the amendment."); *cf. Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir.1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction.").

In short, considering Rule 16(b)(4)'s good cause requirement dictating that Willis and Klupsak show that the discovery and motions deadlines could not have been reasonably met despite Plaintiffs' diligence and the other Rule 16(b)(4) factors, the Court determines that Willis and Klupsak have not shown the required good cause to reopen or extend the discovery and motions deadlines as they request. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (in the related context of deciding whether to exclude an untimely expert designation, explaining that, if "the first and third factors [– (1) the explanation for the failure to identify the witness and (3) potential prejudice in allowing the testimony –] militate against permitting the testimony, the trial court was not obligated to continue the trial," where, "[o]therwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance," and, "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance).

**Conclusion**

For the reasons explained above, the Court DENIES the Motion to Extend

Deadline Date for Discovery for Defendant Beacon Bay Asset Management, LLC, and James Virgil Willis [Dkt. No. 40] and Defendant Glenn Klupsak's Motion to Extend Discovery Deadline & Deadline to File All Motions [Dkt. No. 41].

SO ORDERED.

DATED: May 31, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE