IN THE UNITED STATES DISTRICT COURT'
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNMARIE MOTA,, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-1862-N-BN |
| BEACON BAY ASSET MANAGEMENT, LLC, et al., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 38.

The Court has granted the Unopposed Motion to Withdraw as Counsel for Defendant Beacon Bay Asset Management, LLC and James Virgil Willis [Dkt. No. 36] and ordered that attorney N. Henry Simpson, Robert Ruotolo, and the law firm of Busch Ruotolo & Simpson, LLP are withdrawn as counsel for Defendants Beacon Bay Asset Management, LLC and James Virgil Willis in this case, effective immediately. *See* Dkt. No. 37.

As the Court's April 30, 2018 Order Requiring Appearance of New Counsel [Dkt. No. 39] explained, Defendant Beacon Bay Asset Management, LLC's counsel's withdrawal from this litigation has other implications for this case's progress going

-1-

forward. As the Court previously explained, Defendant Beacon Bay Asset Management, LLC is a limited liability company, *see* Dkt. No. 35 at 3; insofar as it is neither an individual nor a sole proprietorship, this defendant is not permitted to proceed *pro se* or through a non-attorney but rather must be represented by an attorney in litigation in federal court, *see M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010); "[t]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)); and this applies to limited liability companies. *See* Dkt. No. 39 at 2.

Accordingly, in its April 30, 2018 Order Requiring Appearance of New Counsel [Dkt. No. 39], Defendant Beacon Bay Asset Management, LLC must cause new counsel to enter an appearance on its behalf in this case by no later than May 21, 2018. The Court's order also warned Defendant Beacon Bay Asset Management, LLC that a failure to hire counsel to represent it by this deadline may result in appropriate measures, including possibly striking its defenses and entering a default judgment against it. *See Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-cv-2950-N, 2014 WL 6901201 (N.D. Tex. Dec. 8, 2014); *Adonai Communications, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2

(N.D. Tex. Dec. 11, 1997).

Mr. Willis then moved the Court to appoint counsel for Defendant Beacon Bay Asset Management, LLC, *see* Dkt. No. 44, which the Court denied without prejudice in a May 31, 2018 Memorandum Opinion and Order, *see* Dkt. No. 49.

Defendant Beacon Bay Asset Management, LLC has otherwise failed to obtain legal counsel and cause the new counsel to enter an appearance in this case by the May 21, 2018 deadline – which has now passed by four weeks.

As the Court explained in its April 30, 2018 Order Requiring Appearance of New Counsel [Dkt. No. 39], "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporation or limited liability company declines or fails to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel). Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to

practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Defendant Beacon Bay Asset Management, LLC cannot continue to proceed unrepresented by counsel in this case. The undersigned has considered the imposition of alternate sanctions short of striking Defendant Beacon Bay Asset Management, LLC's defenses and entering a default. But, considering all the circumstances, including the bases on which Defendant Beacon Bay Asset Management, LLC's previously counsel sought and were granted leave to withdraw, the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

**Recommendation**

The undersigned recommends that:

(1) the Court order that Defendants Beacon Bay Asset Management, LLC's and James Virgil Willis' Amended Answer [Dkt. No. 35] be stricken as to Defendant Beacon Bay Asset Management, LLC only;

(2) the Court order that Defendant Beacon Bay Asset Management, LLC is in

-4-

default;

(3) the Court direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendant Beacon Bay Asset Management, LLC; and

(4) the Court order that Plaintiff Annmarie Mota move, by no later than a date 30 days from the date of entry of any order adopting this recommendation, for default judgment against Defendant Beacon Bay Asset Management, LLC for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 19, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE